## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ANTWOINE HOLDER                                                                                         PLAINTIFF
ADC #146347

V.                                         NO: 5:11CV00290 JMM/HDY

TYRA TYLER *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on November 8, 2011, alleging that his constitutional rights were violated when he was assaulted by another individual while a pre-trial detainee at the W.C. Dub Brassell Detention Center, and in his disciplinary proceedings thereafter. On July 19, 2012, Defendants Ed Adams, Greg Bolin, and Tyra Tyler, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #25-#27). Plaintiff filed a response on August 22, 2012 (docket entry #29).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was in the day area of "C pod" at the detention center on September 29, 2011, watching television, when detainee James Pitts was being escorted back to his cell by deputy Roberta Lewis after a recreation period. Pitts had been placed on lockdown by Cpl. Ford and Sgt. DeBerry.[1] When Pitts arrived at his cell, he refused to enter, broke away from Lewis, and attacked Plaintiff. As the two men struggled, Lewis did not intervene, but ordered them to stop multiple times before calling other deputies. When Lewis called for help, DeBerry and Ford arrived, sprayed the combatants with chemical spray, and separated them. Plaintiff sustained a cut on the left side of his big toe, a cut lip, and a cut inside his mouth.

Plaintiff was placed on lock down after the attack. Although he was called for a disciplinary hearing, Plaintiff asserts that he was not allowed to tell his side of the story, given written notice of the charges against him, or allowed to call witnesses on his behalf.

In essence, Plaintiff has alleged that Defendants failed to protect him from the assault of a

---

[1] Plaintiff identified DeBerry as "Duberry" in his complaint, but Defendants provided the correct spelling in their response.

fellow detainee, that he was subjected to excessive force, that he was denied adequate medical care, and that he was denied due process in a disciplinary hearing.

Failure to protect

Because Plaintiff was a pre-trial detainee at the time the events complained of took place, his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain

implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). For example, in *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998), the Court held that a plaintiff must show that defendants "actually knew that [the attacker] posed a substantial risk of harm" to the plaintiff. In the instant case, there is no evidence that any Defendant actually knew that detainee Pitts posed a substantial risk of harm to Plaintiff.

Plaintiff asserts that another detainee, Donty Simmons, warned all three Defendants that detainees locked down for disciplinary reasons should not be housed with other detainees. Although Plaintiff asserts that Simmons warned Defendants of a general risk as early as 2010, the Simmons letter Plaintiff referenced, and attached to his complaint, is dated October 3, 2011, and describes the incident at issue in this complaint. Thus, the Simmons letter does not demonstrate that Defendants had knowledge of an excessive risk to Plaintiff's safety. Moreover, Pitts was being escorted by a guard, and simply broke away to attack Plaintiff. The undisputed facts demonstrate that no Defendant was deliberately indifferent to a substantial risk of serious harm, and Defendants are entitled to summary judgment on Plaintiff's failure to protect claim.

<u>Excessive force</u>

Plaintiff has arguably alleged that he was the victim of excessive force when DeBerry sprayed him with chemical spray, despite the fact that Plaintiff was the victim of the attack. Even if the spray should not have been used, DeBerry is not a Defendant in this case, and there is no evidence that any Defendant was involved in the spraying. Accordingly, Defendants are entitled to summary judgment on Plaintiff's excessive force claims.

<u>Inadequate medical care</u>

Although Plaintiff was a pre-trial detainee at the time the events giving rise to this complaint occurred, the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.

According to Plaintiff, he requested medical treatment forms from two officers who are not Defendants (docket entry #26-3). Because, according to Plaintiff, the forms were not provided, Plaintiff submitted no treatment request form. Although Plaintiff filed a number of grievances after the incident, there is no evidence that any grievance involved a need for medical care (docket entry #26-5). Thus, even assuming that Plaintiff had a serious medical need, there is no evidence that any Defendant was aware of it, and therefore they cannot be said to have been deliberately indifferent to the medical need. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's medical claim.

Due process

Plaintiff's final claim is that he was denied due process because he was not allowed to tell his side of the story in his disciplinary hearing. However, no Defendant was involved in the hearing, which was conducted by officer Samuel Baker. Accordingly, Plaintiff has no due process claim against any Defendant.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #25) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  27  day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE